```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                       SOUTHERN DIVISION
```

UNITED STATES OF AMERICA

VS.                              CRIMINAL NO. 1:01-cr-98(DCB)(ALL)

BRUCE L. COLEMAN


ORDER

This cause is before the Court on the defendant Bruce L. Coleman's Motion to Amend Defendant's Presentence Investigation Report and Defendant's Judgment and Commitment and Recommend 500 Hour Residential Drug Abuse Program (RDAP) **(docket entry 31)**. Having carefully considered the motion and the government's response, the Court finds as follows:

The defendant was sentenced in the above-captioned case on July 8, 2002, to a term of 63 months imprisonment, followed by four years of supervised release, after pleading guilty to "Possession with Intent to Distribute Between 5 and 50 Grams of Cocaine Base" in violation of 21 U.S.C. § 841(a)(1) and "Forfeiture" in violation of 21 U.S.C. § 853.  Coleman states that he has attempted to enroll in the 500 Hour Residential Drug Abuse Program ("RDAP"), but that his request was denied because "there was nothing in my PSR that reflects I abused drugs one year prior to my arrest.  This is the only thing preventing me from following the Court's order and enrolling in the 500 Hour Drug Abuse Program."  (Motion, ¶ 5).

The defendant is correct in that in imposing sentence, the

Court recommended that Coleman undergo the 500-hour drug program while in custody.  (Judgment, p. 2; Statement of Reasons, ¶ 18). However, the "Substance Abuse" section of the PSR reflects only that Coleman denied using any illicit substances.  (PSR, ¶ 44). Coleman now admits that during his interview with the Probation Officer, he "was elusive and less than forthright regarding his alcohol abuse because he was fearful of negative legal consequences."  (Motion, ¶ 3).  He also now admits that he "was dependent on and abused drugs and alcohol for at least two (2) years just prior to [his] conviction."  (Motion, ¶ 4).

The government responds that according to the Probation Officer, a history of substance abuse was not included in the PSR "because at the time of the writing, Coleman adamantly insisted that he had no such history."  (Response, p. 1).  Neither the government nor the Probation Office has any objection to an amendment to the PSR reflecting Coleman's history of substance abuse.  (Response, p. 1).

A defendant's PSR is meant to be accurate at the time a defendant is sentenced.  Since all parties involved agree that the PSR was inaccurate and should be amended, the Court shall allow the amendment.  The Court notes that the PSR is important to effective correctional treatment and is used to make critical custodial determinations, including eligibility for the Federal Bureau of Prisons' 500-hour drug-treatment program.  See Advisory Committee

Notes to Fed.R.Crim.P. 32; 18 U.S.C. § 3621(b)(directing Bureau to "make available appropriate substance abuse treatment for each prisoner the Bureau determines has a treatable condition of substance addiction or abuse"). Additionally, the Court notes, as the defendant acknowledges, that this Court may only recommend, not order or mandate, such treatment. United States v. Jackson, 70 F.3d 874 (6th Cir. 1995). Accordingly,

IT IS HEREBY ORDERED that the defendant Bruce L. Coleman's Motion to Amend Defendant's Presentence Investigation Report and Defendant's Judgment and Commitment and Recommend 500 Hour Residential Drug Abuse Program (RDAP) **(docket entry 31)** is GRANTED insofar as it seeks amendment of the pre-sentence report;

FURTHER ORDERED that the United States Probation Office shall immediately implement the required amendment;

FURTHER ORDERED that a copy of this Order be appended to the pre-sentence report.

The Court reiterates its recommendation that the defendant undergo the 500-hour drug program while in custody.

SO ORDERED, this the 22nd day of November, 2005.

                                                          s/ David Bramlette
                                        UNITED STATES DISTRICT JUDGE